UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EVERETT STAFFORD,

    Plaintiff,

vs.                                                                                 Case No. 12-10798

MORTGAGE ELECTRONIC                          HON. AVERN COHN
REGISTRATION SYSTEMS, INC.
MERSCORP, INC., and BANK OF
AMERICA,

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 5) AND DISMISSING CASE[1]

I. Introduction

This is another of one of many cases pending in this district involving a default on a mortgage. Plaintiff Everett Stafford[2] is suing defendants Mortgage Electronic Registrations Systems, Inc. (MERS), MERSCORP, the parent company of MERS, and Bank of America (BOA), making several claims relating to the mortgage and foreclosure proceedings. While the complaint does not articulate discrete counts, defendants and the Court have broadly construed it to allege (1) fraud, (2) unjust enrichment, (3) quiet

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Plaintiff was initially pro se. Plaintiff has since obtained counsel who filed a response to defendants' motion to dismiss.

title, (4) violation of M.C.L. § 600.2109, and (5) violation of "Real Estate Mortgage Investment Conduits."

Before the Court is defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted.

## II. Background

This case involves real property located at 14450 Faust Street, Detroit, Michigan. On October 27, 2003, plaintiff obtained a $ 153,300 loan from Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender to purchase the property. Plaintiff executed a note evidencing the loan. As security for the loan, plaintiff executed a mortgage in which he gave to MERS, acting "solely as nominee for lender and lender's successors and assigns." MERS is listed as the mortgagee on the mortgage. America's Wholesale Lender is listed as the lender on the mortgage. The mortgage was recorded. BOA is the alleged servicer of the loan.

On July 25, 2011, MERS assigned the mortgage to "Bank of New York Mellon (BNYM) f/k/a the Bank of New York a Trustee for the benefit of the Certificate Holders of the CWABS Inc., Asset-Backed Certificates Series 2004-01." The assignment was recorded.

Plaintiff is in default on the loan. According to defendants, BNYM, who is not a party, has initiated foreclosure proceedings. Defendants also say that a foreclosure sale has been postponed and has not yet occurred.

## III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's

"factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiff's claims.

IV. Analysis

A. MERS's Assignment of the Mortgage

Defendants first argue that to the extent plaintiff challenges the MERS' assignment of the mortgage, such a claim must be dismissed. The Court agrees. The Michigan Supreme Court has made clear that under Michigan law that a mortgage granted to MERS as nominee for lender and lender's successors and assigns is a valid and assignable mortgage. Residential Funding Co., LLC v. Saurman, 805 N.W.2d 183 (Mich. 2011). See also Matthews v. Mortgage Electronic Registration Systems, Inc., No. 10-13740, 2011 WL 2560329 (E.D. Mich. April 5, 2011). Saurman made clear that MERS can assign a mortgage.

Moreover, plaintiff lacks standing to challenge the assignment. As explained in Livonia Property Holdings, L.L.C. v 12840-12976 Farmington Road Holdings, L.L.C., 717 F. Supp. 2d 724, 735 (E.D. Mich 2010):[3]

> Plaintiff, as a mortgagor subject to foreclosure by advertisement, certainly has standing to challenge whether Defendant has complied with the statutory requirements for that foreclosure. But it does not have standing to go beyond the statutory requirements to inspect each and every aspect of every contract or agreement between any predecessor and successor mortgagee, searching for "irregularities" and noncompliance * * * Plaintiff cannot avoid its contractual obligations under the Loan Documents (including the contractual right of foreclose [sic] by advertisement contained within the Mortgage) by arguing that the assignments of those documents were invalid or ineffective.

This is particularly true in this case because in the mortgage plaintiff granted

---

[3] Plaintiff cites Livonia Properties as support for the argument that he has standing. Plaintiff misconstrues defendants' argument. Defendants have argued that plaintiff lacks standing to challenge the assignment of the mortgage to MERS, they have not argued plaintiff lacks standing altogether. Indeed, defendants acknowledge in their reply brief that plaintiff has standing to challenge the mortgage foreclosure process prior to the expiration of the redemption period.

4

MERS (solely as nominee for Lender and Lender's successors and assigns) a mortgage on the property, and expressly agreed to:

> mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the [property].

Having given MERS the right to assign the mortgage, plaintiff cannot now contend that MERS did not have the right to assign it. See Corgan v Deutsche BankNational Trust Co, No. 1:09-cv-939, 2010 WL 2854421, at *3 (W.D. Mich. July 20, 2010); Hilmon v Mortgage Electronic Registration Systems, Inc, No. 06-13055, 2007 WL 1218718 (E.D. Mich. April 23, 2007).

## B. Fraud Claims

Defendants argue that plaintiff's fraud claims fail because they have not been plead with particularity.[4]  This argument is well-taken. In order to state a claim for fraud or misrepresentation, a plaintiff must allege the following elements: (1) defendant made a material representation; (2) the representation was false; (3) when the representation was made, defendant knew it was false or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) defendant made the representation with the intention that borrower should act upon it; (5) plaintiff acted in reliance on the representation; and (6) the plaintiff thereafter suffered injury. Hord v.

---

[4]Plaintiff says that the complaint has met all pleading requirements, arguing this is so because "Defendants were able to understand [the complaint] well enough to spend 158 pages on Motion, Brief and Exhibits." This argument does not carry the day. Defendants submitted a proper motion, brief, and supporting exhibits, the latter of which consists of the loan and mortgage documents and various cases. The scope of defendants' motion papers have no bearing whatsoever on whether the complaint complies with the applicable pleading requirements.

Environment Institute of Michigan, 463 Mich 399, 404 (2000).

Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); see also Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984). In general, "[a] complaint is sufficient under Rule 9(b) if it alleges 'the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud,' and enables defendants to 'prepare an informed pleading responsive to the specific allegations of fraud.'" United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 509 (6th Cir. 2007) (citations omitted).

Here, the complaint makes conclusory allegations that the Assignment was signed by a "known Robo Signer" and thus is fraudulent. See complaint at ¶¶ 6, 16. Plaintiff makes no specific allegations about the allegedly fraudulent scheme, intent or injury resulting from the fraud. The fraud allegations are insufficiently pled. As such, plaintiff's fraud claims must be dismissed.

### C. Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must allege (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by the defendant. Michigan Education Employees Mutual Ins. Co v. Morris, 460 Mich. 180, 198 (1999).

Plaintiff cannot state a plausible claim based on the undisputed facts. First, it is not disputed that plaintiff defaulted on his obligation to pay the mortgage and has failed to cure that default. Plaintiff also cannot plausibly allege that he provided any benefit to

6

defendants. Indeed, plaintiff has benefitted by continuing to reside at the property without making payments due under the loan. According to defendants, plaintiff has not made payments in two years. Plaintiff's unjust enrichment claim must be dismissed.

### D. Quiet Title

In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d). These rules require that the plaintiff properly allege his or her ownership interest in the property. M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property. Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, plaintiff admits that he obtained a mortgage as security for the loan. He does not allege that the loan has been repaid or satisfied. The mortgage expressly states that it will not be discharged until the amounts owed are repaid. Because the indebtedness has not been fully paid, the mortgage remains a valid encumbrance on

7

the property. Thus, plaintiff cannot state a plausible claim for relief to quiet title.[5]

### E. Violation of M.C.L. § 600.2109

Paragraph 8 of the complaint alleges defendants violated M.C.L. § 600.2109, which states:

> [a]ll conveyances and other instruments authorized by law to be filed or recorded, and which shall be acknowledged or proved according to law, and if the same shall have been filed or recorded, the record, or a transcript of the record, or a copy of the instrument on file certified by the officer in whose office the same may have been filed or recorded, may be read in evidence in any court within this state without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony.

Plaintiff does not allege any facts to support a claim for violation of this section, or even that a cause of action exists. Absent any supporting factual allegations or legal arguments, the claim must be dismissed.

### F. Violation of Real Estate Mortgage Investment Conduits

Defendants argue that plaintiff's claim for violation of "Real Estate Mortgage Investment Conduits" (REMIC) fails. The Court agrees. As explained in defendants's papers, the Internal Revenue Service (IRS) created REMIC to enable the bundling of residential mortgages into segregated asset pools, so individuals could invest in the asset-backed securities. See Internal Revenue Code, 26 U.S.C. §§ 860A-G. REMICs

---

[5] Defendants also argue that plaintiff's equitable claims for unjust enrichment and quiet title fail because plaintiff has unclean hands. The doctrine of unclean hands is a defense that "depends upon the connection between the complainant's iniquitous acts and the defendant's conduct which the complainant relies upon as establishing his cause of action." Wuliger v. Manufacturers Life Ins. Co., 567 F.3d 787, 797 (6th Cir. 2009). The doctrine prevents a plaintiff with unclean hands from recovering from a defendant. Because plaintiff has clearly not stated a basis for equitable relief, the Court need not address this argument.

are tax "pass-through" entities, meaning that the REMICs themselves are not taxed on income, rather only the investors are taxed on income received. Id. The IRS imposes strict rules upon REMICs, including how and when a mortgage may be packaged into a REMIC. Id.

To the extent that plaintiff is attempting to assert a claim based upon the alleged securitization of the loan, such a claim fails. See, e.g., Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (collecting cases and noting, "[C]ourts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action."). See also Unlu v. Wells Fargo Bank NA, 2011 WL 6141036, at *8 (N.D.Cal. Dec. 9, 2011) ("To the extent that Plaintiffs' proposed amended complaint would rely on claims regarding the securitization of the loan, via REMIC, into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid." (quotations omitted)); Coleman v. Am. Home Mortg. Servicing, Inc., 2011 WL 6131309, at *4 (D. Nev. Dec. 8, 2011) ("[T]o the extent Plaintiff's allegations are construed to state claims regarding improper securitization of a mortgage, these also fail."); Henkels v. J.P. Morgan Chase, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011) (denying the plaintiff's claim for unauthorized securitization of his loan because he "cited no authority for the assertion that securitization has had any impact on [his] obligations under the loan, and district courts in Arizona have rejected similar arguments"); Johnson v. Homecomings Fin., 2011 WL 4373975, at *7 (S.D. Cal. Sept. 20, 2011) (refusing to recognize the "discredited theory" that a deed of trust " 'split' from the note through securitization, render[s] the note unenforceable"). See also In re Williams, 395 B.R. 33, 47 (S.D. Ohio

2008) (securitization of indebtedness irrelevant to validity of mortgage). Thus, plaintiff's claim regarding REMIC fails to state a claim.

V. Conclusion

For the reasons stated above, plaintiff has not stated a plausible claim for relief against defendants relating to his loan or mortgage. Accordingly, defendants' motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: May 2, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 2, 2012, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160